ANDRÉ BIROTTE JR.
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
JENNIFER L. WAIER (Cal. Bar No. 209813)
Assistant United States Attorney
    411 W. Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3550
    Facsimile: (714) 338-3708
    E-mail:    Jennifer.Waier@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> VJ ENGINEERING, INC., <br><br> Defendant. | Case No. SA CR 14-24 <br><br> <u>PLEA AGREEMENT FOR</u> <br> <u>DEFENDANT VJ ENGINEERING, INC.</u> |

    1.    This constitutes the plea agreement between VJ ENGINEERING, INC. ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

        a)    Cause an officer of VJ ENGINEERING, INC. ("Corporation") to enter a plea of guilty on behalf of the

Corporation as set forth in this plea agreement to violations of Title 18, United States Code, Section 38(a)(1)(C).

      b)   Not contest facts agreed to in this agreement.

      c)   Abide by all agreements regarding sentencing contained in this agreement.

      d)   Cause an officer of the Corporation to appear as ordered for all court appearances, pay any ordered restitution, costs of prosecution, and fines within 90 days of sentencing, and obey any other ongoing court order in this matter.

      e)   Pay the costs of prosecution in this matter to the Department of Treasury in the amount of $100,000 at or before the time of sentencing.

## THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

      a)   Not contest facts agreed to in this agreement.

      b)   Abide by all agreements regarding sentencing contained in this agreement.

      c)   Because defendant does not have the ability to pay a fine in addition to restitution and the costs of prosecution, the government agrees to recommend that the Court impose no fine.

## NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of the crime charged in counts one and two of the information, that is, violations of Title 18, United States Code, Section 38(a)(1)(C), the following must be true: (1) defendant made or caused to be made a materially false writing entry, certification, document, or record concerning an aircraft part; (2) defendant acted willfully, that is deliberately and with the intent to defraud; and (3) defendant's

conduct in some way affected commerce between one state and another state, or between a state or the United States and a foreign country.

## PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 38(a)(1)(C) is: 5 years' probation; a fine of $10,000,000; and a mandatory special assessment of $100.

6. Defendant understands that defendant will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty. The parties currently believe that the applicable amount of restitution is approximately $219,017.64, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

## FACTUAL BASIS

7. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and

agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 9 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

At all times relevant to this Agreement, defendant provided machining, assembly, and production of military and commercial aircraft parts. Defendant was located in Garden Grove, California, within the Central District of California. Defendant's customers included the United States Department of Defense, namely the United States Army and United States Air Force, and C&D Zodiac, Inc., a manufacturer of commercial aircraft parts. Parts processed by defendant were used by, among others, the United States Army, the United States Air Force, Continental Airlines, American Airlines, and Qantas Airways.

From 1998 through 2010, defendant knowingly and with the intent to defraud sold falsely certified aircraft parts to the United States Air Force and C&D Zodiac, Inc. Specifically, defendant submitted false certifications, including Certificates of Conformance and Certificates of Tests that falsely claimed that the accompanying commercial and military aircraft parts had been tested and were in conformance with the requirements and specifications of the Federal Aviation Administration ("FAA") and United States Department of Defense. At the time of the sales, defendant knew that the commercial and military aircraft parts were not tested and certified as represented. Defendant's sales involving the false certifications affected interstate commerce as the aircraft parts

4

were ultimately shipped to commercial airlines and military bases located throughout the United States and the world. In total, defendant caused hundreds of shipments of commercial and military aircraft parts with false certification, including, false Certificates of Compliance and Certificates of Tests, to be sold to C&D Zodiac, Inc. and the United States Department of Defense.

Based on defendant's conduct described above involving the false certifications, defendant caused $182,828 in loss to C&D Zodiac, Inc. and $36,189.64 in loss to the United States Department of Defense.

COUNT ONE

On or about August 4, 2010, defendant knowingly and with intent to defraud, in and affecting interstate commerce, made, used and caused to be made and used a materially false writing, entry, certification, document and record concerning an aircraft part, namely, a Certificate of Tests purporting to certify that the accompanying shipment of military aircraft parts with part number 418557 were in conformance with the requirements and specifications. Part number 418557 is used on the J-57 Engine, which is used on various aircraft, including the United States Air Force B-52 bomber.

COUNT TWO

On or about September 24, 2010, defendant knowingly and with intent to defraud, in and affecting interstate commerce, made, used and caused to be made and used a materially false writing, entry, certification, document and record concerning an aircraft part, namely, a Certificate of Conformance purporting to certify that the accompanying shipment of commercial aircraft parts with part number CDSP1027-1-284 were in conformance with the requirements,

specifications, and drawing. Part Number CDSP1027-1-284 is used on 757 and 777 commercial aircraft, manufactured by the Boeing Company. The part is structural and carries flight and emergency landing loads of the contents of the closet and is required for compliance with FAA airworthiness requirements.

## SENTENCING FACTORS

8. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

9. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | [U.S.S.G. § 2B1.1(a)(2)] |
| Specific Offense Characteristics: | +12 | [U.S.S.G. § 2B1.1(b)(1)(G)] |

Base Fine:

$350,000 [U.S.S.G. § 8C2.4(d)]

Culpability Score:

4 (5 Base, +1 for >10 employees, -2 acceptance)

Fine Range:

$280,000 to $560,000 [U.S.S.G. § 8C2.7]

## WAIVER OF CONSTITUTIONAL RIGHTS

10. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to be represented by counsel - and if necessary have the court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel - and if necessary have the court appoint counsel - at every other stage of the proceeding.

   d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e) The right to confront and cross-examine witnesses against defendant.

   f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

11. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up

7

any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

12. Defendant agrees that, provided the Court imposes a sentence within or below the range corresponding to the determined total fine range, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of probation imposed by the Court provided it is within the statutory maximum; and (c) the amount of restitution and costs of prosecution.

13. The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

## EFFECTIVE DATE OF AGREEMENT

14. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

15. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of

the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

16. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

17. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

18. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 9 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

19. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise

regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

20. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

21. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____  2/7/14
JENNIFER L. WAIER         Date
Assistant United States Attorney

_____  1/21/2014
Authorized Officer of      Date
Defendant VJ ENGINEERING, INC.

_____  1/22/2014
JOSEPH T. GIBBONS, JR.     Date
Attorney for Defendant
VJ ENGINEERING, INC.

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with the attorney representing VJ Engineering, Inc. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement on behalf of the Corporation. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because the Corporation is guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        1/21/2014
Authorized Officer of                    Date
Defendant VJ ENGINEERING, INC.

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am VJ ENGINEERING, INC.'s attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of its rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     1/22/14
JOSEPH T. GIBBONS                   Date
Attorney for Defendant
VJ ENGINEERING, INC.